UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Judith Tompson</u>

   v.                                    Civil No. 16-cv-488-JL

<u>Lancelot Court Condominium Association</u>
<u>Board of Directors</u>

**REPORT AND RECOMMENDATION**

Pro se plaintiff, Judith Tompson, has filed a complaint (Doc. No. 1) and a self-styled "Notice of Appeal" (Doc. No. 1-2) from a state court decision. The pleadings are before this court for preliminary review. <u>See</u> 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

**Preliminary Review Standard**

The magistrate judge conducts a preliminary review of complaints filed in forma pauperis. The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). In conducting its preliminary review, the court construes pro se complaints liberally. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter,

accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## Background

This is the second of two actions filed in 2016 by plaintiff raising similar claims and naming essentially the same party as a defendant.  The first such case, Tompson v. Lancelot Court Condo. Ass'n, No. 16-cv-251-JD ("Tompson I"), was dismissed in July 2016, on grounds of res judicata and the Rooker-Feldman doctrine.  See Tompson I, No. 16-cv-215-JD, 2016 WL 3660313, at *2, 2016 U.S. Dist. LEXIS 86795, at *2-*6 (D.N.H. June 9, 2016) (ECF No. 3), R&R adopted, 2016 WL 3661217, 2016 U.S. Dist. LEXIS 87564 (D.N.H. July 5, 2016) (ECF No. 5).

The same underlying facts alleged in the complaint in Tompson I are also alleged in this case.  Tompson resides at Lancelot Court Condominiums ("Lancelot") in Salem, New Hampshire.  Tompson alleges that Lancelot is a New Hampshire corporation.  Lancelot sued Tompson in the New Hampshire Superior Court in Rockingham County ("Rockingham County case"), to enforce a lien for unpaid assessments, pursuant to N.H. Rev. Stat. Ann. § 356-B:56.  In that action, summary judgment was granted to Lancelot on the issue of liability.  Lancelot obtained a jury award of $17,000.00 in damages.  Lancelot's motion for costs and attorneys' fees totaling almost $22,750.00

above the jury award, was also granted.  Tompson appealed, and the New Hampshire Supreme Court ("NHSC") affirmed the Superior Court decisions and verdict in the Rockingham County case.  See Lancelot Court Condo. Ass'n v. Tompson, No. 2015-0252, 2016 WL 3475739, 2016 N.H. LEXIS 142 (Apr. 29, 2016); see also Letter to Maureen O'Neil, Rockingham Cnty. Super. Ct. Clerk (Aug. 23, 2016) (describing state proceedings and requesting issuance of writ of execution) (Doc. No. 1-1, at 110).

After the NHSC issued its decision in that state proceeding, plaintiff filed Tompson I in federal court.  See Tompson I (ECF Nos. 1, 1-2).  The district judge dismissed that case, citing the Rooker-Feldman doctrine and res judicata.  See Tompson I, July 5, 2016 Order (ECF No. 5) (approving June 9, 2016 Report and Recommendation ("R&R") (ECF No. 3)).  Plaintiff appealed the dismissal of Tompson I to the First Circuit, and that appeal remains pending.  See Tompson v. Lancelot Court Condo. Ass'n, No. 16-1999 (1st Cir., appeal docketed, Aug. 2, 2016).

Before the NHSC issued its decision affirming the judgment in the Rockingham County case, Lancelot filed a new action against Tompson in state court in Salem, New Hampshire, to collect additional unpaid condominium assessments and reasonable attorney fees.  See Lancelot Court Condo. Ass'n v. Tompson, No.

3

473-2015-cv-00131 (N.H. Cir. Ct., 10th Cir., Dist. Div., Salem, filed Dec. 1, 2015) ("Small Claims Case").  The state court in that case granted Lancelot's motion for summary judgment on liability.  See Small Claims Case (N.H. Cir. Ct., 10th Cir., Dist. Div., Salem, Apr. 7, 2016) (Doc. No. 1-1, at 17).  Tompson filed an interlocutory appeal of that ruling, which led the state court to postpone a damages hearing.  See Small Claims Case (N.H. Cir. Ct., 10th Cir., Dist. Div., Salem, Sept. 8, 2016) (Doc. No. 1-1, at 93).  Although the NHSC declined to accept Tompson's interlocutory appeal, see Lancelot Court Condo. Ass'n v. Tompson, No. 2016-0512 (N.H. Oct. 13, 2016) (Doc. No. 1, at 15), the state court docket does not indicate that a damages hearing has been rescheduled.  The Small Claims Case remains pending at this time.

In this case, as in Tompson I, plaintiff cites a series of federal laws, federal procedural rules, state laws, treatises, the Restatement, the Fourteenth Amendment, and the Takings Clause in the complaint (Doc. No. 1) as the bases for her assertion that this court has federal question jurisdiction.  Plaintiff has characterized this case as both a civil action and as an "appeal" from NHSC orders declining to accept an interlocutory appeal in the Small Claims Case.  See Doc. No. 1-2.  Plaintiff seeks damages, declaratory and injunctive relief,

4

and review and reversal of the state courts' decisions in the Small Claims Case.

## Discussion

### I.  No Appellate Jurisdiction

Plaintiff characterizes this action as an "appeal" of the New Hampshire Supreme Court's decision to decline to accept an interlocutory appeal of issues in the Small Claims Case, and the underlying order granting Lancelot's motion for summary judgment on liability in that case.

> Under the legislation of Congress, no court of the United States other than [the U.S. Supreme Court] could entertain a proceeding to reverse or modify the [state court] judgment for errors of that character.  To do so would be an exercise of appellate jurisdiction.  The jurisdiction possessed by the District Courts is strictly original.

Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284-88 (2005) (discussing Rooker-Feldman doctrine).  See generally 28 U.S.C. § 1257.  This court is not an appellate court with jurisdiction to review and reverse state court decisions such as those cited by plaintiff.

### II.  No Diversity Jurisdiction

Plaintiff's complaint states that Lancelot is incorporated in New Hampshire, has a principal place of business in New Hampshire, and has a fiscal agent that resides in Massachusetts. The facts alleged in the complaint indicate that defendant, like

plaintiff, is a citizen of New Hampshire.  See 28 U.S.C. § 1332(c).  Cf. Francesco v. Beacon Ct. Condo., No. 07 CIV. 2766(LMM), 2009 U.S. Dist. LEXIS 3826, at *8, 2009 WL 174184, at *2 (S.D.N.Y. Jan. 6, 2009) (unincorporated condominium association in New York is deemed to be citizen of state where unit owners reside).  As there is no diversity of citizenship between the parties in this matter, this court lacks diversity jurisdiction over this case.  See 28 U.S.C. § 1332.

### III. Federal Jurisdiction and Claim Preclusion

Arguably, this court may have federal question jurisdiction over plaintiff's claims, as she lists a set of federal statutes and Constitutional provisions in the Complaint.  She specifically alleges, among other things, that the liens filed by defendant before it proceeded in the Rockingham County case violated state law, violated her rights to due process, and effected a taking of her property without just compensation, in violation of the Takings Clause of the Fifth Amendment.  Tompson asserts that she has also raised that claim as a defense to the underlying validity of the lien at issue in the Rockingham County case.

The Takings Clause protects citizens from exercises of government power that take private property for public use without just compensation.  In general, only takings effected by

state action, not purely private conduct, give rise to liability under the Taking Clause.  Defendant is a private party, and its own conduct in recording a lien and obtaining a judgment is private action.  For that reason, the Takings Clause claim and due process claims set forth in this case should be dismissed.

Moreover, plaintiff is barred from litigating claims in this case that challenge the validity of the liens at issue in the Rockingham County case, and the validity of the final judgments in the Rockingham County case, for the same reasons such claims were dismissed in Tompson I.  Those reasons are summarized in the June 6, 2016 R&R (Doc. No. 3) in Tompson I, which the district judge accepted when it approved that R&R on July 5, 2016, see Order (ECF No. 5)[1]:

> [R]es judicata, and the [New Hampshire] rules precluding new claims that should have been raised as defenses or compulsory counterclaims previously, provides an independent basis for dismissing this later-filed action. . . .
>
> It does not matter, for the purposes of preclusion with respect to the sequential cases at issue here, that the federal claims here could only have been presented as defenses or as compulsory counterclaims, in the state courts. . . .
>
> To the extent plaintiff asserts a right to relief under federal law here, arising from Lancelot's action to enforce

---

[1]Tompson's appeal of the order of dismissal in Tompson I remains pending in the First Circuit at this time.  In the absence of any indication that the First Circuit will not affirm Tompson I, this court's application of similar reasoning to dismiss similar claims in this case is appropriate.

7

> its lien and collect unpaid assessments, costs, and fees, her claims here were either compulsory counterclaims in that state case, or the type of defenses that should now, when styled as claims, be deemed barred by res judicata. Accordingly, res judicata bars plaintiff from raising her claims here.

Tompson I, 2016 WL 3660313, at *2, 2016 U.S. Dist. LEXIS 86795, at *4-*6 (citations omitted) (ECF No. 3, at 4-6).

Similarly, in this case, the facts alleged in the Complaint (Doc. No. 1) fail to state any federal claim upon which relief can be granted, which are not otherwise barred here by res judicata.  To the extent there are any viable state law claims in this case, the district judge should decline to exercise jurisdiction over such claims, see 28 U.S.C. § 1367(c), and should dismiss them without prejudice, upon dismissing the federal claims for failure to state a claim.

## IV. Vexatious Filings

Plaintiff should be aware that the federal court may sanction a party for filing vexatious litigation.  See, e.g., Fed. R. Civ. P. 11(c).  The court will not wait to be inundated with frivolous actions, arising from the same, previously litigated matters, before issuing sanctions as necessary to prevent abuses.  If future filings relating to the same or closely-related matters in the future are deemed to be

vexatious, this court may issue an injunction restricting plaintiff's ability to file new cases in this court.

## Conclusion

For the foregoing reasons, the district judge should dismiss the federal claims in this action for failure to state a claim upon which relief can be granted, and should decline to exercise supplemental jurisdiction over, and dismiss without prejudice, all state law claims asserted by plaintiff.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

March 16, 2017

cc: Judith Tompson, pro se